IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA WASHINGTON, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:25-CV-00092-E |
| WAL-MART STORES TEXAS, LLC, AND WAL-MART STORES, INC., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a premises liability suit. Plaintiff Nelda Washington ("Ms. Washington" or "Plaintiff") sues Walmart Stores Texas, LLC and Wal-Mart Stores, Inc. ("Walmart") for injuries she allegedly sustained after tripping and falling from a shrink-wrapped pallet used to display cases of water bottles at a local Walmart in Desoto, Texas. Before the Court is Walmart's Motion for Summary Judgment (ECF No. 17), filed November 3, 2025. After careful consideration of the motion, response, reply, appendices, record, and applicable law, the Court **GRANTS** Walmart's Motion.

### I. Procedural and Factual Background[1]

On April 5, 2023, Ms. Washington visited a Walmart store located at 108 W. Parkerville Road, Desoto, Texas, for the sole purpose of purchasing three cases of bottled water. Pl.'s App. at Ex. A, Washington Dep. Tr. 91:21-22 (ECF No. 21 at 5).[2] The cases of bottled water were displayed on the floor under shelving on a pallet with some shrink wrap around the cases of water

---

[1] The Court recounts the facts in the light most favorable to Plaintiff, as the summary judgment nonmovant, and draws all reasonable inferences in her favor in accordance with the standard in Section II below.

[2] "Pl.'s App." refers to the "Appendix to Plaintiff's Brief in Support of Her Response to WalMart's Motion for Summary Judg[]ment" (ECF No. 21). "Def.'s App." refers to the "Appendix to Walmart's Brief in Support of Motion for Summary Judgment" (ECF No. 17-2).

**Memorandum Opinion and Order - Page 1**

and pallet. Def.'s App. at Ex. A, Washington Dep. Tr. 6:18-7:5, 10:20-24, 14:6-14 (ECF No. 17-2 at 6, 10, 14). Plaintiff saw the shrink wrap was in place prior to the incident. *Id.* at Ex. A, Washington Dep. Tr. 12:9-17, 13:1-15 (ECF No. 17-2 at 12-13).

Ms. Washington first bent over and successfully moved one case of water from the pallet to her shopping cart prior to the incident. Pl.'s App. at Ex. A, Washington Dep. Tr. 91:9 (ECF No. 21 at 5). For the second case of bottled water, because she did not "want to bend that far over again," Ms. Washington stepped on the pallet in the space she had created when she removed the first case of water to obtain a second case of water. *Id.* at Ex. A, Washington Dep. Tr. 91:11–92:5, 110:9-17 (ECF No. 21 at 5-6, 9). Ms. Washington stepped onto the pallet with her right foot to reach the case, picked it up, then planted her left foot on the actual floor. *Id.* at Ex. A, Washington Dep. Tr. 6:1-5 (ECF No. 21 at 6). She then stepped back with her right foot when it caught plastic wrap, causing her to lose her balance and fall to the floor. *Id.* at Ex. A, Washington Dep. Tr. 6:5-14 (ECF No. 21 at 6).

It is common practice, and one known to Ms. Washington before the incident, for cases of water to be displayed on a pallet with or without shrink wrap. Def.'s App. at Ex. A, Washington Dep. Tr. 13:1-15, 13:18-22, 23:3-11, 24:25-25:7, 25:12-26:1, 26:6-11 (ECF No. 17-2 at 13, 23-26); *id.* at Ex. C, Decl. of K. Wright ¶ 10 (ECF No. 17-2 at 30). Shrink wrap is often left in place on pallets holding cases of water for safety reasons, specifically to prevent the merchandise from falling and creating a hazard. *Id.* at Ex. B., Sanders Dep. Tr. 27:11-21, 28:12-24 (ECF No. 17-2 at 27-28); *id.* at Ex. C, Decl. of K. Wright ¶ 10 (ECF No. 17-2 at 30).

On December 11, 2024, Ms. Washington filed this lawsuit in County Court at Law No. 5 of Dallas County, Texas, asserting claims for negligence and premises liability. Pl.'s Orig. Pet. (ECF No. 1-3). On January 13, 2025, Walmart removed this action federal court pursuant to 28

**Memorandum Opinion and Order - Page 2**

U.S.C. §§ 1441 and 1332(a)(1) based on diversity of citizenship and because the amount in controversy exceeded $75,000, exclusive of interest and costs. Notice of Removal (ECF No. 1). On February 4, 2025, Washington filed her First Amended Original Complaint (ECF No. 10), the live pleading, in which she asserts a premises liability claim but no longer asserts a negligence claim.

On November 3, 2025, Walmart filed its Motion for Summary Judgment. The Motion has been fully briefed and is ripe for disposition.

## II.     Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita*

**Memorandum Opinion and Order - Page 3**

*Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

Under Texas law, a premises owner "has a duty to exercise reasonable care to make the premises safe for invitees." *Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 478 (5th Cir. 2022) (quoting *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015)). To prevail in a premises-liability case, an invitee-plaintiff must show that (1) "a premises owner had actual or constructive knowledge"; (2) "of some unreasonably dangerous condition on the premises"; (3) "but the owner did not exercise reasonable care to reduce or to eliminate the unreasonable risk of harm"; (4) "which proximately caused the plaintiff's personal injuries." *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

Walmart contends it is entitled to summary judgment on Ms. Washington's premises liability claim on three grounds. First, Walmart asserts that Ms. Washington has failed to raise a genuine dispute of material fact to show that the shrink-wrapped pallet was unreasonably dangerous. Def.'s Br. in Support of Mot. Summ. J. 10-12 ("Def.'s Br.") (ECF No. 17-1). Second, even if it was unreasonably dangerous, Walmart contends it is still entitled to summary judgment because Ms. Washington has failed to raise a genuine dispute of material fact that Walmart had actual or constructive knowledge of the hazard. *Id.* at 12-14. Third, Walmart asserts that, because the purported hazard was open and obvious, it owed no duty to rectify it. *Id.* at 6.

Here, viewing all evidence in the light most favorable to Ms. Washington, as the summary judgment nonmovant, the Court concludes Walmart is entitled to entry of summary judgment in its favor because Ms. Washington has failed to raise a genuine dispute of material fact that the condition of the palette she encountered posed an unreasonable risk of harm or, even if it did, that Walmart had actual or constructive knowledge of the condition. The Court, therefore, need not

**Memorandum Opinion and Order - Page 5**

consider Walmart's remaining argument in support of its Motion, namely, that the purported hazard was open and obvious.

### A. Unreasonably Dangerous Condition

Whether a condition is unreasonably dangerous is ordinarily a fact question. *Christ v. Tex. DOT*, 664 S.W.3d 82, 87 (Tex. 2023). However, because "landowners are neither insurers of a visitor's safety nor required to make a premises foolproof[,]" the Supreme Court of Texas has "consistently held that common or innocuous hazards are not unreasonably dangerous as a matter of law." *Pay & Save*, 691 S.W.3d at 502 and n.1 (collecting cases). Evidence showing the mere possibility of harm is legally insufficient; the evidence must show "a 'sufficient *probability* of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen[.]'" *Id.* at 504 (quoting *Christ*, 664 S.W.3d at 87 and adding emphasis). "At a minimum, we require sufficient evidence of prior accidents, injuries, complaints, reports, regulatory noncompliance, or some surrounding circumstance that transformed the condition into one measurably more likely to cause injury." *Id.* at 503.

Ms. Washington has failed to raise a genuine dispute of material fact that the shrink-wrapped palette in this case was unreasonably dangerous. As Walmart rightly observes, *see* Def.'s Reply 11 (ECF No. 22), she offers no evidence of prior accidents, injuries, complaints, reports, or regulatory noncompliance. *See, e.g.*, *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022) (finding that a divot in a parking lot was not an unreasonably dangerous condition as a matter of law because "[i]t measured less than an inch deep, and nothing in the record indicate[d] it yielded other complaints or injuries"); *see also Meadows v. Costco Wholesale Corporation*, 2024 WL 4729481, at *3 (S.D. Tex. Nov. 8, 2024) (granting summary judgment because plaintiff failed to offer evidence "of prior accidents, injuries, complaints, or reports"); *Villareal v. Dolgencorp of*

**Memorandum Opinion and Order - Page 6**

*Texas, Inc.*, 2025 WL 1485859, at *2 (S.D. Tex. Jan. 23, 2025) (same). There is no evidence that Walmart was aware of any other prior accidents, injuries, complaints, or reports involving the palettes (either with the shrink wrap or without). Under *Pay & Save*, this evidentiary gap undercuts characterizing the pallet from which Ms. Washington obtained a case of water as unreasonably dangerous. *See* 692 S.W.3d at 503.

Further, other than the conclusory assertions that "[t]he circumstances surrounding the plastic wrapped pallet under a low hanging shelf qualifies the condition at issue as unreasonably dangerous[,]" *see* Pl.'s Resp. Br. 14 (ECF No. 20), Ms. Washington offers no evidence that the surrounding circumstances of this pallet—with shrink wrap, placed on the floor under a shelf—is any different than countless other store displays she testified she has encountered. Ms. Washington testified at her deposition that she has encountered similar shrink-wrapped pallets displaying cases of bottled water in stores throughout the Dallas area "[a] lot", so frequently that she "didn't think anything of it." Def.'s App. at Ex. A, Washington Dep. Tr. 13:18-22, 14:6-15 (ECF No. 17-2 at 13-14). Ms. Washington also acknowledged shrink-wrapped pallets displaying cases of bottled water is "a common practice." *Id.* at Ex. A, Washington Dep. Tr. 16:16 (ECF No. 17-2 at 16). Ms. Washington cites to the deposition transcript of a Walmart employee, Mr. Sanders, who in retrospect, simply agreed with Plaintiff's counsel that removing the plastic from the cases of water, which he testified is kept in place for safety purposes, could help avoid tripping incidents. Pl.'s App. at Ex. C, Sanders Dep. Tr. 30:1-20 (EFC No. 21 at 30). Not only is this speculation, but this alone is not evidence that the palette was unreasonably dangerous "since it is almost always the case that something more could have been done to prevent a customer from being struck by an article falling off a shelf or from slipping on the floor. A condition is not unreasonably dangerous

**Memorandum Opinion and Order - Page 7**

simply because it is not foolproof." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

In the absence of evidence that the shrink-wrapped bottled water display at issue presents more than a mere possibility of a harmful event, the Court can only conclude that such a condition is not an unreasonably dangerous one, but an "everyday hazard" that consumers—including Ms. Washington (by her own testimony)—routinely encounter and avoid "by exercising a modicum of common sense, prudence, and caution." *Pay & Save*, 691 S.W.3d at 504. Without more, Ms. Washington's opinion that the shrink wrap should have been fully removed from the palette is not sufficient to raise a fact issue as to whether the palette containing cases of bottled water in this instance was an unreasonably dangerous condition. As such, even construing the evidence in the light most favorable to Ms. Washington, the Court determines that Walmart owed her no duty and is entitled to summary judgment in its favor with respect to her premises liability claim.[3]

---

[3] Even if the shrink-wrapped pallet constituted an unreasonably dangerous condition, the summary judgment evidence is undisputed that Ms. Washington saw the shrink wrap in place prior to the incident and had encountered similar pallets on multiple occasions in the past without incident. *See* Def.'s App. at Ex. A, Washington Dep. Tr. 12:9-17, 13:1-15, 13:18-22 (ECF No. 17-2 at 12-13). Under Texas law, when the invitee is already aware of the unreasonably dangerous condition on the premises, the landowner has no duty to warn her of that condition. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015) ("[S]ince there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee."). The *Austin* court recognized two exceptions to the general rule that a landowner has a "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* at 203. The first, not applicable here, is the criminal-activity exception. *Id.* at 204-05. The second exception—the necessary-use exception—is "an exception that recognizes a landowner's duty to make its premises safe when, despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Id.* at 208. Walmart moves for summary judgment, *inter alia*, on the basis that Ms. Washington has failed to produce any evidence that it was "necessary" that she use the pallet. *See* Def.'s Br. 6 n.1; Def.'s Reply 7-10. The court agrees. Ms. Washington testified at her deposition that she first bent over and successfully moved one case of water from the pallet to her shopping cart prior to the incident. Pl.'s App. at Ex. A, Washington Dep. Tr. 91:9 (ECF No. 21 at 5). For the second case of bottled water, because she did not "want to bend that far over again," Ms. Washington stepped on the pallet in the space she had created when she removed the first case of water to obtain a second case of water. *Id.* at Ex. A, Washington Dep. Tr. 91:11–92:5, 110:9-17 (ECF No. 21 at 5-6, 9). Ms. Washington could have taken a variety of measures to avoid stepping on the pallet, such as bending down for another case, asking a

## B. Actual or Constructive Knowledge

In the alternative, even assuming that the palette from which Ms. Washington retrieved the case of bottled waters was an unreasonably dangerous condition, the Court finds that summary judgment in Walmart's favor is still required because Ms. Washington has failed to raise a genuine dispute of material fact that Walmart had notice of the condition.

To impose liability on the owner or occupier of the premises, the claimant must establish that, at the time of the incident, the owner or occupier knew of the dangerous condition or, in the exercise of reasonable care, should have known of the condition of the premises. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). An owner's or occupier's knowledge of a dangerous condition can be actual or constructive. *Id.* "Actual knowledge is knowledge 'of the dangerous condition at the time of the incident, not merely the possibility that a dangerous condition could develop over time.'" *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d 461, 466 (Tex. App.—Amarillo 2020, no pet.) (quoting *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008) (per curiam)).

"In premises liability cases, constructive knowledge can be established by showing that the dangerous condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *Daniels*, 604 S.W.3d at 466. This rule emerged from the Supreme Court's "reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Taylor*, 222 S.W.3d at 409 (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815-816 (Tex. 2002)).

---

Walmart employee for assistance, or simply deciding not to retrieve another case of water. Because Ms. Washington has failed to raise a genuine dispute of material fact on the question of whether it was "necessary" that she step up on the pallet to retrieve water, Walmart is entitled to summary judgment in its favor on this basis as well.

**Memorandum Opinion and Order - Page 9**

Ms. Washington has the burden to "establish that it was more likely than not that Wal-mart should have been aware of the [shrink wrap] because it existed long enough to give Wal-Mart a reasonable opportunity to discover and rectify it, or to warn about it." *Reece*, 81 S.W.3d at 817. It is undisputed that the shrink wrap was loose around the corner of the pallet for an unknown amount of time before Ms. Washington tripped. Ms. Washington provides no evidence of personal knowledge of how long the shrink wrap was loose around the corner of the pallet, or any evidence that Walmart employees had knowledge of how long the shrink wrap was loose around the corner of the pallet. While Ms. Washington surmises that "there a fact issue that the condition of the pallet was there long enough for Walmart to have discovered it," *see* Pl.'s Resp. Br. 16, she fails to marshal sufficient evidence that Walmart knew or should have known that the shrink-wrapped pallet was unreasonably dangerous or that it knew a dangerous condition would form.

"Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816.

Because Ms. Washington has failed to offer evidence that the alleged defect with the shrink-wrapped pallet lasted long enough for Walmart to have discovered it upon reasonable inspection, she has failed to raise a genuine dispute of material fact as to whether Walmart had actual or constructive knowledge of the alleged unreasonably dangerous hazard. *See Meadows*, 2024 WL 4729481, at *7 (in premises liability suit brought by Costco shopper who was injured after stepping onto a pallet to retrieve a case of water, granting summary judgment in favor of the Costco because "Texas law requires proof of how long the hazard was there" and plaintiff failed to present that evidence); *Mottu v. Wal-Mart Stores Texas, LLC*, 2026 WL 788279, at *5 (S.D. Tex. Mar. 20, 2026) (in premises liability suit brought by a Walmart invitee injured by a falling

**Memorandum Opinion and Order - Page 10**

display item, granting summary judgment in favor of the Walmart because the plaintiff "failed to offer evidence that shows the alleged defect lasted long enough for Defendants to have discovered it upon reasonable inspection").

In sum, Ms. Washington has not raised a genuine dispute of material fact that Walmart had notice that the shrink-wrapped pallet display was unreasonably dangerous. Walmart is, therefore, entitled to summary judgment on her premises liability claim.

### IV.    Conclusion

Based on the foregoing, the Court **GRANTS** Walmart's Motion for Summary Judgment (ECF No. 17) and **DISMISSES with prejudice** Plaintiff's premises liability claim.

**It is so ordered** this 26th day of June, 2026.

_____

Ada Brown
UNITED STATES DISTRICT JUDGE